# Order

Michigan Supreme Court
Lansing, Michigan

December 15, 2005

126795

KENNETH R. DEYO,
        Plaintiff-Appellant,

v

VICKI E. DEYO,
        Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126795
COA: 245210
Livingston CC: 01-030982-DM

_____/

On November 10, 2005 the Court heard oral argument on the application for leave to appeal the May 25, 2004 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and REMAND this case to the Livingston Circuit Court for reconsideration of the property division portion of the judgment of divorce. The Circuit Court properly recognized that invasion of the plaintiff's separate inherited property is permitted only if the court specifically determines that the defendant "contributed to the acquisition, improvement, or accumulation of the property[,]" MCL 552.401, or that defendant's award is insufficient for her suitable support and maintenance, MCL 552.23(1), see *Dart v Dart*, 460 Mich 573 (1999), and *Reeves v Reeves*, 226 Mich App 490 (1997). However, the circuit court's finding was insufficient to support either statutory basis. If, upon reconsideration, the Livingston Circuit Court alters the property division, it may, if necessary, amend the spousal support award. The court may conduct additional proceedings or evidentiary hearings as it deems appropriate.

We do not retain jurisdiction.

CORRIGAN, J., dissents and states as follows:

I would deny leave to appeal.

The parties married in 1977 and remained married for 25 years before they divorced in 2001. During the marriage, plaintiff worked as a grave-digger and landscaper and made approximately $25,000 a year. Defendant was primarily a homemaker during the marriage.

In 1994, plaintiff's father, Orville Quinney, became ill, and the parties began caring for him. In 1996, plaintiff's father moved into a new house with the parties, and plaintiff quit his job to care for his father full time. Plaintiff was the conservator of his father's estate and apparently used those assets to substitute for his outside employment. Plaintiff's father died in 1997 and left a large inheritance[1] to plaintiff alone. The inheritance consisted primarily of securities, a bank account, and real estate in South Lyon, Howell, Warren, Roseville, and Milford.

The trial court agreed with plaintiff that some of the real estate and securities inherited by plaintiff had not been commingled with the marital estate and were part of plaintiff's separate estate. However, the court included this separate property in the marital estate for distribution purposes because the court believed that defendant's "assistance in caring for [plaintiff's] father as well as her continuation in the strained marriage for so many years created a situation whereby she did contribute to the inherited estate." The court awarded defendant the entire marital estate of $714,634[2] and half of a piece of plaintiff's inherited South Lyon property (the Eleven-Mile Road farm) worth $798,400.[3]

The Court of Appeals affirmed in a split unpublished opinion per curiam. The majority concluded that the trial court did not clearly err in finding that the entire inherited estate should be included in the marital estate because defendant contributed to the acquisition of the inherited estate by assisting with the care of plaintiff's father.

I favor denying leave to appeal, first, because this case presents absolutely no issues of jurisprudential significance. The outcome of this case turns on its particular facts. The law regarding the division of inherited property in divorce proceedings has been thoroughly addressed by this Court. The only reason to interfere in the lower courts' rulings is to engage in error correction. Because I do not believe that the Court of Appeals decision is "clearly erroneous and will cause material injustice," MCR 7.302(B)(5), this Court should deny leave to appeal.

---

[1] Plaintiff testified that the inheritance was worth $2,339,133.71 at the time of the divorce proceedings.

[2] The inherited property that was jointly owned or comanaged by the parties was included in the $714,634 marital estate. Plaintiff agreed that this portion of the inheritance should be included in the marital estate.

[3] Defendant's award totaled 36 percent of the total estate.

Additionally, I believe that the trial court properly included the inherited assets in the marital estate for distribution purposes. First, plaintiff commingled the inherited property with the marital property. "[P]roperty received by a married party as an inheritance, *but kept separate from marital property*, is deemed to be separate property not subject to distribution." *Dart v Dart*, 460 Mich 573, 584-585 (1999) (emphasis added). "[T]he marital estate . . . include[s] the appreciation in value of the husband's separate assets that he actively managed during the marriage . . . ." *Id.* at 585 n 6.

Here, the parties used the inherited assets to make purchases to improve the marital estate. When plaintiff's father became ill, the parties used the father's money to purchase a new home, where the three of them lived together. After the father died, plaintiff recorded a deed transferring that house to defendant and him. The parties used inherited funds to buy another house next door, which they rented out. The parties also used inherited funds to remodel the marital home, to pay joint credit card debts, and to purchase fertilizer, a power washer, a truck, and lawn maintenance equipment for plaintiff's planned new business, as well as a car for their daughter. Plaintiff's use of the inherited assets in this manner shows that he treated certain of the inherited assets as marital property.

Second, the trial court correctly concluded that the inheritance should be included as part of the marital estate because defendant helped care for plaintiff's sick father. A spouse's separate assets may be included in the marital estate if the award is "insufficient for the suitable support and maintenance" of the other party, MCL 552.23(1), or the other party "contributed to the acquisition, improvement, or accumulation of the property," MCL 552.401. *Reeves v Reeves*, 226 Mich App 490, 494-495 (1997). The parties decided not to put plaintiff's father in a nursing home because it was more economical to care for him themselves. Plaintiff quit his regular job to care for his father, became the conservator of his father's estate, and the parties supported themselves with plaintiff's father's money while he was alive. Defendant was involved in caring for plaintiff's father, which included bringing him meals and making him comfortable. By helping with the care of plaintiff's father, defendant assisted in keeping him out of a nursing home. In *Reeves, supra* at 495, the Court of Appeals explained that a spouse's separate property can be invaded under these types of circumstances:

> [I]n *Hanaway v Hanaway*, 208 Mich App 278, 294; 527 NW2d 792 (1995), this Court held that the defendant's inherited stock in a family-owned company was available for invasion because the plaintiff's handling of child-rearing and domestic duties had freed the defendant to concentrate on building up that company. The *Hanaway* Court found that the

defendant's stock had "appreciated because of defendant's efforts, facilitated by plaintiff's activities at home." *Id.* at 294.

Similarly here, defendant's efforts to care for plaintiff's father preserved the father's fortune by saving the costs associated with a nursing home. Additionally, the money saved by caring for plaintiff's father at home presumably accrued interest, allowing the estate to appreciate in value. Thus, when plaintiff's father died, the inheritance was larger because of defendant's efforts. Defendant thus "contributed to the acquisition, improvement, or accumulation" of the inherited property under MCL 552.401.

WEAVER and KELLY, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 15, 2005

Clerk

p1208