*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID WEAVER,

UNPUBLISHED
June 15, 2023

Plaintiff-Appellee,

v

No. 361752
Oakland Circuit Court
LC No. 2017-854023-DO

SHARON WEAVER, also known as SHARON
MARCIE,

Defendant-Appellant.

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's July 15, 2021 judgment of divorce. On
appeal, defendant challenges the trial court's May 23, 2022 order entered denying defendant's
motion for rehearing or reconsideration regarding entry of the judgment of divorce. Defendant
argues that the trial court erred by entering the judgment of divorce which reflected the arbitration
award that failed to value and divide the marital portion of plaintiff's Troy Electric 401(k) plan
without first holding a hearing to ensure that the 401(k) was divided appropriately because the
arbitrator exceeded his powers in failing to value and divide it. Defendant further argues that the
trial court erred in entering the judgment of divorce based on the arbitration award that was
incomplete and failed to equitably divide marital property, awarded plaintiff non-marital property
(that should have been considered marital), and made defendant responsible for her entire student-
loan debt. Defendant contends that remand is necessary for an evidentiary hearing to ensure that
all marital assets are appropriately identified, valued, and divided equitably. We affirm.

## I. BACKGROUND

The parties were married in 1999. Plaintiff filed a complaint for divorce on June 9, 2017.
The parties did not have any children. Defendant filed her answer to the complaint and a counter-
claim for divorce on June 26, 2017. On April 10, 2018, the parties entered a stipulated order
referring "all issues" to binding arbitration.

On June 9, 2021, plaintiff filed a motion to enter judgment after arbitration. In his motion
asking the court to enter a judgment of divorce, plaintiff stated that the arbitrator issued a ruling

-1-

on March 15, 2019, defendant filed numerous objections to the ruling, the arbitrator issued at least two separate orders addressing defendant's concerns, and plaintiff drafted the judgment including all the information provided in the arbitrator's multiple rulings. In their briefs on appeal, both parties admit that they did not hire a court reporter for the arbitration proceedings.

Defendant filed her answer to plaintiff's motion to enter judgment and a request for adjournment on June 28, 2021. In her answer, defendant stated that the arbitrator had not yet responded in determining whether the proposed judgment comported with his rulings and that she was not available on the date scheduled for the motion. Further, defendant claimed that the proposed judgment did not follow the arbitrator's rulings and that the rulings were contrary to the facts and the law. Defendant went on to explain in detail every section of the judgment that she disagreed with and her reasons why. Regarding a debt owed to plaintiff on the books of Troy Electric, defendant argued that the debt is marital property and that she should have received half of its value. In regard to the Troy Electric 401(k) plan, defendant stated that plaintiff would not provide the name of the 401(k) account and that Troy Electric owners would not answer subpoenas or provide any information on plaintiff's retirement or pay. In regard to her $90,000 student-loan debt, defendant claimed that she should not be fully responsible for the obligation because the loan was used to "help pay part of the parties' liabilities" and that she was eligible for loan forgiveness from the government but due to plaintiff's "malicious attacks on her credit," she was unable to have the loan forgiven. On July 12, 2021, defendant filed an addendum to her answer to the motion to enter judgment after arbitration. Defendant stated, in relevant part, "assigning $90,000.00 debt to Defendant is evident (sic) of partiality by the Arbitrator in favor of the Plaintiff."

On July 14, 2021, the trial court heard plaintiff's motion to enter the judgment of divorce via Zoom. Plaintiff's counsel began the hearing by stating that he filed with the court the arbitrator's ruling regarding judgment language, dated July 6, 2021. He continued that he made all of the changes to the judgment that the arbitrator ordered, and again defendant sent another list of changes, of which plaintiff agreed to three. Plaintiff was thus asking that the court enter the judgment. In response, the trial court stated that it would enter the judgment that was based on the arbitrator's final ruling. Defendant's counsel objected, arguing that, based on the arbitrator's ruling, there was evidence of partiality that was subject to the court's review and that there were certain issues that had not been finally resolved. Defendant also refused to sign or approve the judgment. The trial court denied defendant's objections, granted plaintiff's motion, and entered the judgment.

On August 4, 2021, defendant filed a motion for rehearing or reconsideration regarding entry of the judgment of divorce. In that motion, defendant alleged that the judgment was inappropriately entered because the decisions of the arbitrator were not within keeping with the facts that were established and/or the law, and that the arbitrator was not impartial. Defendant further stated that during arbitration, plaintiff misrepresented or failed to reveal the existence of certain assets. Defendant reiterated that the judgment did not equitably divide the debts and responsibilities of the parties as defendant was burdened with the more than $90,000 student-loan debt. She stated that tuition reimbursement of $15,055 was given to plaintiff and that her $90,000 loan would have been forgiven had she maintained a good credit score, which was ruined by plaintiff. Defendant also reiterated that plaintiff failed to report his 401(k) plan through Troy Electric. Defendant further argued that it was determined that there was a debt owed to plaintiff from Troy Electric and that the debt was a marital asset that should have been divided by the parties

-2-

so that defendant would have been awarded approximately $14,000. Defendant argued that the arbitrator's decision to instead grant all of the interest of Troy Electric to plaintiff showed lack of impartiality. Defendant finally argued that by the trial court granting the motion to enter the judgment, it erred by failing to take testimony regarding this issue. Defendant requested that the judgment be set aside or amended and that the court take testimony based on defendant's objections, as the court had an obligation to correct errors made by the arbitrator based on his lack of impartiality.

Plaintiff filed an answer to defendant's motion for rehearing regarding entry of the judgment of divorce on May 2, 2022. Plaintiff denied that the judgment was entered inappropriately or that the arbitrator failed to be impartial. Plaintiff further denied that he misrepresented or denied the existence of certain assets or that the debts and responsibilities of the parties were not equitably divided. Plaintiff asserted that defendant simply disagreed with the ruling of the arbitrator. Plaintiff also again denied the existence of the Troy Electric 401(k) plan and that defendant should have been awarded $14,000 from Troy Electric. Plaintiff surmised that defendant's motion was an attempt to overturn the arbitrator's ruling.

On May 23, 2022, the trial court issued an opinion and order denying defendant's motion for rehearing or reconsideration regarding entry of the judgment of divorce. That opinion provided, in relevant part, as follows:

> Defendant Wife argues three points, specifically: The Court made a palpable error when: 1. The Judgment of Divorce was entered inappropriately due to the arbitrator's decisions were not within keeping with the facts and/or the law which proves the arbitrator was not impartial; 2. The court failed to set a hearing regarding the insurance funds; and 3. The court failed to take testimony regarding Plaintiff Husband's business and Defendant Wife's claim to a debt that the arbitrator awarded to Plaintiff Husband.
>
> Plaintiff Husband responds that the Judgment of Divorce was entered pursuant to the court's ruling. Defendant Wife refused to sign the Judgment of Divorce. Plaintiff Husband denies that the decisions of the arbitrator were inconsistent with the facts and/or the law and that the arbitrator was not impartial. Plaintiff Husband complains the arguments in Defendant Wife's motion are an attempt to overturn the arbitrator's ruling after the issues she raises were already litigated and the arbitrator issued their ruling.
>
> The court agrees with Plaintiff Husband and finds that this was not palpable error, that Defendant Wife already presented evidence regarding these arguments at the motion hearing, and that no new undiscovered evidence has been presented to the court. Defendant Wife has not demonstrated a palpable error by which the court and the parties have been misled nor has she shown that a different disposition of the motion must result from correction of the error.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to confirm an arbitration award. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). "A reviewing court may not review the arbitrator's findings of fact, and any error of law must be discernable on the face of the award itself." *Id.* at 672 (citations omitted). "[I]n order to vacate an arbitration award, any error of law must be so substantial that, but for the error, the award would have been substantially different." *Id.* at 672 (quotation marks and citation omitted). Whether an arbitrator exceeded his authority is also reviewed de novo. *Id.*

## III. ANALYSIS

This Court may not review the arbitrator's findings of fact and is extremely limited in reviewing alleged errors of law. *Washington*, 283 Mich App at 672. MCL 600.5081(2) provides four circumstances under which a reviewing court may vacate a domestic relations arbitration award:

> (a) The award was procured by corruption, fraud, or other undue means.
>
> (b) There was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights.
>
> (c) The arbitrator exceeded his or her powers.
>
> (d) The arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

"Once [this Court is] satisfied that the arbitrator has applied the controlling law, our review is complete absent some error appearing on the face of the award." *Washington*, 283 Mich App at 674.

Defendant argues on appeal that the arbitrator's award failed to value and divide plaintiff's alleged Troy Electric 401(k) plan, and thus the arbitrator exceeded his powers contrary to MCL 600.5081(2)(c). We disagree.

For defendant to prove that the arbitrator exceeded his authority, she "must show that the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law." *Washington*, 283 Mich App at 672. The basis for defendant's argument is the arbitrator's failure to follow MCL 552.18(2), which provides, "Any rights or contingent rights in and to unvested pension, annuity, or retirement benefits payable to or on behalf of a party on account of service credit accrued by the party during marriage may be considered part of the marital estate subject to award by the court under this chapter where just and equitable." Defendant maintains that the arbitrator exceeded his authority by refusing to apply this subsection to the Troy Electric 401(k).

There are two provisions in the judgment of divorce regarding pensions. The first is paragraph six on page three of the judgment, which provides that the parties shall pay the attorney

they hired for his work in determining the value of the retirement accounts. The second statement regarding pensions is located at the top of page five and states that "each party is awarded their respective retirement plan(s) if applicable. However, Defendant shall receive an additional $97,235.00 from the annuity account, plus or minus any gains or loses (sic) since 3-1-19." In his arbitration ruling regarding the judgment language dated July 3, 2021, the arbitrator approved both of these provisions. The arbitrator concluded that "Defendant requests a substantive review based on the theory of hidden assets. Request is denied, pursuant to prior rulings." Again, this Court may not review the arbitrator's findings of fact, and the arbitrator, in compliance with MCL 552.18(2), determined that the Troy Electric 401(k) plan did not exist.[1] Because the arbitrator followed MCL 552.18(2), defendant cannot prove that the arbitrator (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law. Thus, the arbitrator did not exceed his powers. Further, no error appears on the face of the arbitrator's award, which in this case is reflected in the judgment of divorce. Therefore, the trial court did not err in entering the judgment of divorce and denying defendant's motion for reconsideration.

Defendant next argues that the trial court erred in entering the judgment of divorce based on the arbitration award that was incomplete and failed to equitably distribute marital assets because (1) the Royal Oak home is separate property, (2) the Troy Electric loans payable are marital property, and (3) defendant should not have been found responsible for the entirety of her student loan debt. We disagree.

Defendant's argument surrounds three additional facts determined by the arbitrator during binding arbitration. First, defendant states that because she inherited the Royal Oak home, it should have been deemed her separate property. The arbitrator disagreed and determined that defendant was entitled to the value of the home when she inherited it, but that the increase in the value of the home was to be divided as marital property due to plaintiff's contributions to the improvement of the home. Invasion of inherited separate property in a divorce proceeding is permitted when a fact finder determines that the non-owning spouse " 'contributed to the acquisition, improvement, or accumulation of the property.' " *Deyo v Deyo*, 474 Mich 952; 707 NW2d 339 (2005), quoting MCL 552.401. The arbitrator concluded that plaintiff contributed to increasing the value of the Royal Oak property, which is a finding of fact that this Court may not review. Defendant did not raise an error of law surrounding the arbitrator's decision regarding the Royal Oak property, and even if she had, this Court could not vacate the arbitrator's decision absent a showing of one of the four very limited circumstances outlined in MCL 600.5081(2), such as fraud or partiality. Defendant failed to assert any of these circumstances. Further, there is no apparent error on the face of the award.

In addition, defendant argues that the Troy Electric loans payable are marital property that the arbitrator should have equitably divided and that she should not have been declared solely

---

[1] Defendant claims that Exhibit I in her Appendix on appeal, plaintiff's paystub/W2 form, suggests that the Troy Electric 401(k) plan was not disclosed. This exhibit was not before the trial court, as the trial court was not the fact-finder in this matter. Both parties admit that this exhibit was before the arbitrator, who rejected plaintiff's assertion that it was proof of plaintiff having a 401(k) plan with Troy Electric.

responsible for her $90,000 student-loan debt. The judgment of divorce provides on page three that plaintiff was awarded his interest (if any) in Troy Electric free and clear and that "each party shall assume and pay any debt incurred in their individual name, and shall hold the other harmless with regard thereto." In his arbitration ruling regarding the judgment language, the arbitrator does not suggest any changes to either the paragraph regarding plaintiff's interest in Troy Electric or the paragraph regarding the parties' individual debts. Therefore, the arbitrator clearly approved this language. This Court cannot review the arbitrator's factual findings as to the Troy Electric loans payable or defendant's $90,000 student-loan debt. Further, defendant failed to raise any error of law made by the arbitrator in these findings and no error appears on the face of the award. Thus, the trial court did not err in entering the judgment of divorce consistent with the arbitration award and denying defendant's motion for reconsideration.

Affirmed.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney